CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
5/30/2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB FALSO, )<br>    Plaintiff, ) | Case No. 7:25-cv-00070 |
| )<br>v. ) | |
| ) | By: Michael F. Urbanski |
| OFFICER GREENWOOD, et al., ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Jacob Falso, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three correctional officers at the RSW Regional Jail in Front Royal, Virginia. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.    Background

On January 1, 2025, inmates in Falso's housing unit at the jail were moved to temporary holding cells so that the housing unit could be searched. Compl., ECF No. 1, at 2. While housed in the holding cells, the inmates' requests for toilet paper and hand soap were denied. Id. After waiting a number of hours, Falso "could no longer contain [his] bowels and was forced to use a sock" to wipe himself. Id. at 3. When Falso informed the correctional officers of the measures that he had to take, they "only laughed and made foolish comments" rather than providing toilet paper and hand soap. Id. Falso seeks to recover punitive damages for the officers' "willful neglect." Id.

## II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III.  Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the

2

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

The court construes Falso's complaint to allege that he was subjected to inhumane conditions of confinement in violation of the Eighth Amendment. The Eighth Amendment's prohibition of cruel and unusual punishment "applies to claims by prisoners against corrections officials challenging conditions of confinement."* Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Johnson v. Dellatifa, 357 F.3d 539, 546 (6th Cir. 2004) (internal quotation marks omitted). Because "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement," De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). "In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." Id. (internal quotation marks and citations omitted). And to satisfy the subjective component of an Eighth Amendment claim challenging conditions of confinement, a prisoner must show that a

---

* According to publicly available information, Falso was a convicted prisoner at the time of the incident. See Commonwealth v. Falso, Nos. CR24000075-00, -03, -04, -05 (Augusta Cnty. Cir. Ct.), available at https://eapps.courts.state.va.us/CJISWeb/circuit.jsp (last accessed May 22, 2025).

correctional official actually "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Falso's claim fails at the first step. His allegations of being denied access to toilet paper and hand soap for part of a day do not describe the type of extreme deprivation required to satisfy the objective component. He does not allege that he suffered a serious or significant injury as a result of the challenged conditions or that the conditions posed a substantial risk of serious harm. While the court does not condone the alleged conditions, courts have "broadly held" that the temporary deprivation of toilet paper and other toiletries does not rise to the level of an Eighth Amendment violation. Salmons v. Western Reg'l Jail Auth., No. 3:18-cv-01447, 2019 WL 5616916, at *6 (S.D.W. Va. Oct. 30, 2019) (collecting cases); see also Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994) (holding that a 24-hour delay in providing requested hygiene supplies was "not the type of extreme deprivation" required to satisfy the objective component). Similarly, "numerous courts . . . have held that the denial of bathroom access for a limited period of time, even when it resulted in the prisoner soiling himself," was not sufficiently serious to support an Eighth Amendment claim. Baker v. Clarke, No. 7:20-cv-00204, 2020 WL 3422198, at *2 (W.D. Va. June 22, 2020) (collecting cases). Consistent with these decisions, the court concludes that Falso's complaint fails to state a cognizable violation of the Eighth Amendment.

## IV.   Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: May 30, 2025

Michael F. Urbanski
U.S. District Judge
2025.05.30 16:50:35
-04'00'

Michael F. Urbanski
Senior United States District Judge